UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALAK BAALIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-1314 (UNA) |
| ) | |
| BUSEY BANK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court GRANTS the application and DISMISSES the complaint without prejudice.

Plaintiff, a resident of St. Louis, Missouri, brings breach of contract claims against two banks, both in Missouri. *See* Compl. at 2-3. According to plaintiff, defendant banks refuse to honor checks drafted on the accounts of Norbert K.O. Cody, II, whose relationship with plaintiff is unclear, for the purpose of purchasing real property in Missouri. *See generally id*., Ex. 1 (ECF No. 1-1). Plaintiff asks this Court "to enforce all endorsed instruments signed by the authorized signer of the account holder Norbert K O Cody . . . and enforce all buyer/seller agreement contracts to purchase real property the instruments were intended to purchase[.]" *Id*. at 4.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a

1

citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* FED. R. CIV. P. 8(a).

This case does not present a federal question and plaintiff invokes diversity jurisdiction. Because all the parties reside or conduct business in Missouri, even if the amount in controversy exceeds the $75,000 threshold, *see* Compl. at 3, plaintiff fails to demonstrate complete diversity between the parties. Therefore, the Court must dismiss the complaint for lack of subject matter jurisdiction.

A separate order will issue.

DATE: June 20, 2024                           TIMOTHY J. KELLY
                                              United States District Judge